1
2
3
4

UNITED STATES DISTRICT COURT

5

NORTHERN DISTRICT OF CALIFORNIA

6
7

REMBERTO CARRANZA,

Case No. 3:23-cv-02874-WHO

8

Plaintiff,

9

v.

**ORDER ON MOTION TO REMAND**

Re: Dkt. No. 12

10

FIELD ASSET SERVICES, INC., et al.,

11

Defendants.

12
13

Plaintiff Remberto Carranza alleges that he was an employee of Field Asset Services, that

14

he was misclassified as an independent contractor, and that he was not paid proper wages under

15

various California state laws.  The defendants removed the case from state court and now Carranza

16

filed a motion to remand.  Because I lack subject matter jurisdiction to hear the case, the motion is

17

GRANTED.

18

**BACKGROUND**

19

Under this district's local rules, this case was related to the underlying worker

20

misclassification and wage-and-hour litigation in *Bowerman v. Field Asset Services*, No. 13-cv-

21

00057 (N.D. Cal. April 4, 2023), which was initially filed on January 7, 2013.  ("Bowerman

22

Dkt.") No. 1.  This Order assumes familiarity with that case and procedural history, as well as the

23

holding in *Bowerman v. Field Asset Services, Inc.*, 39 F.4th 652 (9th Cir. 2023), *as amended*, 60

24

F.4th 459 (9th Cir. 2023).

25

After trial, the Ninth Circuit decertified the class and reversed the summary judgment

26

decision.  *See id.*  I found that the statute of limitations had been tolled from the filing of the

27

*Bowerman* case until 60 days after notice to the former class members.  Bowerman Dkt. No. 510.

28

Subsequently, dozens of members of that decertified class filed individual cases in federal court,

1

2

which were related to the original *Bowerman* case under this district's Local Rules.  *See*
Bowerman Dkt. Nos. 513, 520, 539.

3

4

5

6

7

8

This case, though, was filed in California State Superior Court in San Francisco, against
Field Asset Services, Inc., Field Asset Services, LLC, Xome Field Services LLC, Cyprexx
Services, LLC, and ten Doe defendants (collecting, "FAS" or "the defendants").  ("Compl.") [Dkt.
No. 1-3].  Carranza says that he is a citizen of Texas and so was Field Asset Services, Inc., which
was succeeded in interest by Field Asset Services, LLC, then acquired by Xome and the Cyprexx,
both citizens of Delaware and Florida.  *Id.* ¶¶ 4-11.

9

10

11

12

His complaint asserts four causes of action against FAS: (1) failure to pay overtime wages
under California law, *id.* ¶¶ 84-90; (2) failure to indemnify for expenses under California law, *id.*
¶¶ 91-96; (3) waiting time penalties under California law, *id.* ¶¶ 97-101; and (4) violation of
California's Unfair Competition Law ("UCL"), *id.* ¶¶ 102-17.

13

14

The defendants removed the case to this court, asserting that I have jurisdiction under the
Class Action Fairness Act ("CAFA").  ("Removal") [Dkt. No. 1].

15

16

17

18

Carranza filed a motion to remand.  ("Mot.") [Dkt. No. 12].  FAS filed an opposition.
("Oppo.") [Dkt. No. 18].  Carranza replied.  ("Repl.") [Dkt. No. 19].  Under Civil Local Rule 7-
1(b), I found this matter appropriate for resolution without oral argument and so VACATED the
hearing.  [Dkt. No. 20].

19

**LEGAL STANDARD**

20

21

22

23

24

The federal court is one of limited jurisdiction.  *See Negrete v. City of Oakland*, 46 F.4th
811, 816 (9th Cir. 2022), *cert. denied*, 143 S. Ct. 781 (2023).  "Removal to federal court is
generally proper only when the district court has original jurisdiction," meaning the action could
have been brought in federal court in the first instance.  *Id.* (citing 28 U.S.C. § 1441).  Removal is
generally based on the existence of either federal-question jurisdiction or diversity jurisdiction.

25

26

27

28

Federal question jurisdiction exists where the action "aris[es] under the Constitution, laws,
or treaties of the United States."  28 U.S.C. § 1331.  Diversity jurisdiction exists where the amount
in controversy exceeds $75,000 and the case is between citizens of different states, or citizens of a
state and citizens or subjects of a foreign state.  28 U.S.C. § 1332(a)(2); *see also Lincoln Prop. Co.*

United States District Court
Northern District of California

2

1  *v. Roche*, 546 U.S. 81, 84 (2005) ("Defendants may remove an action on the basis of diversity of

2  citizenship if there is complete diversity between all named plaintiffs and all named defendants,

3  and no defendant is a citizen of the forum State.").

4    A defendant desiring removal must file in the appropriate United States district court a

5  notice of removal "containing a short and plain statement of the grounds for removal, together

6  with a copy of all process, pleadings, and orders" thus far served upon the defendant in the action.

7  28 U.S.C. § 1446.  Courts strictly construe the removal statute against removal jurisdiction and

8  "[t]he party seeking removal bears the burden of establishing jurisdiction." *Tanner v. Ford Motor*

9  *Co.*, 424 F. Supp. 3d 666, 670 (N.D. Cal. 2019) (citation omitted); *see also Abrego Abrego v. The*

10  *Dow Chem. Co.*, 443 F.3d 676, 685 (9th Cir. 2005) (applying same burden under CAFA); 28

11  U.S.C. § 1441.  The basis for removal jurisdiction is determined from the face of the complaint.

12  *See Snavely v. Johnson*, No. C 15-03773 WHA, 2015 WL 5242925, at *1-2 (N.D. Cal. Sept. 8,

13  2015) (citations omitted); *see also Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation*

14  *Tr. for S. Cal.*, 463 U.S. 1, 17 (1983).

15  **DISCUSSION**

16  **I.**  **MOTION TO REMAND**

17    Carranza moves to remand this case based on lack of federal subject matter jurisdiction.

18  His complaint asserts only state law causes of action, so I do not have federal question

19  jurisdiction.  *See* 28 U.S.C. § 1331.  And, because Carranza and Field Asset Services, Inc., are

20  both citizens of Texas, there is not complete diversity as required for diversity jurisdiction.  *See*

21  *Lincoln Prop.*, 546 U.S. at 84; 28 U.S.C. § 1332(a).

22    Likely recognizing the lack of subject matter jurisdiction under 28 U.S.C. §§ 1331,

23  1332(a), FAS asserts that I have subject matter jurisdiction under CAFA, 28 U.S.C. § 1332(d).

24  *See* Removal 3:14-5:16; Oppo. 2:25-5:21.  CAFA provides federal district courts "original

25  jurisdiction" over civil actions where the putative class has at least 100 members, there is minimal

26  diversity between the parties, and the amount in controversy exceeds $5 million.  28 U.S.C.

27  § 1332(d)(2),(5),(6).  Here, though minimal diversity exists, there is only one plaintiff, and he is

28  not asserting class claims.  And while the complaint does not specify the requested amount for

United States District Court
Northern District of California

3

United States District Court
Northern District of California

1   damages, based on the fact that Carranza worked for FAS for less than one year, *see* Compl. ¶ 54,

2   it is implausible to infer that he seeks over $5 million.  Accordingly, the requirements of § 1332(d)

3   are not met and there is no jurisdiction under CAFA.  There is no basis for federal jurisdiction on

4   the face of Carranza's complaint.  *See Snavely*, 2015 WL 5242925, at *1-2; *Franchise Tax Bd.*,

5   463 U.S. at 17.

6          FAS insists that CAFA jurisdiction comes not from Carranza's complaint but rather from

7   the Bowerman litigation, in which Carranza was an unnamed and nonparticipating class member.

8   It argues that I had jurisdiction of the original Bowerman case under CAFA, and that the CAFA

9   jurisdiction covered former class members.  According to FAS, because CAFA jurisdiction

10  attaches at the time of the complaint and survives subsequent events, including decertification, I

11  still have CAFA jurisdiction over the former class members' claims, including Carranza's.

12         The Ninth Circuit has said that where a "putative class action was properly removed [from

13  state to federal court] to begin with, the subsequent denial of Rule 23 class certification does not

14  divest the district court of jurisdiction."  *United Steel, Paper & Forestry, Rubber, Mfg., Energy,*

15  *Allied Indus. & Serv. Workers Int'l Union, AFL-CIO, CLC v. Shell Oil Co.*, 602 F.3d 1087, 1089

16  (9th Cir. 2010) (hereinafter "*United Steel*").  There, the plaintiffs filed a putative class action in

17  state court asserting violations of various state labor laws, the defendants removed it to federal

18  court, and the district court had jurisdiction because the requirements of CAFA were met so the

19  plaintiffs "could have brought the action in federal court."  *See id.* at 1089-90.  The district court

20  denied class certification and then granted the plaintiffs' subsequent motion to remand for lack of

21  CAFA jurisdiction, which the appellate court reversed.  *See id.* at 1089-91.  Citing cases from the

22  Seventh and Eleventh Circuits, the Ninth Circuit relied on "the general principle that jurisdiction

23  once properly invoked is not lost by developments after a suit is filed," such as denial of class

24  certification, because "the federal jurisdictional question must be analyzed as of when the suit is

25  *filed*."  *Id.* at 1091-92 (first quoting *Cunningham Charter Corp. v. Learjet, Inc.*, 592 F.3d 805,

26  806-07 (7th Cir. 2010); and then citing *Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256, 1268 n. 12

27  (11th Cir. 2009)); *see also Cunningham Charter*, 592 F.3d at 807 (noting some "exceptions to the

28  principle" of "once jurisdiction, always jurisdiction," including mooting of a case during litigation

4

1    and amending away jurisdiction in a subsequent pleading).

2         But *United Steel* did not address jurisdiction over unnamed class members' claims.

3    Neither did *Cunningham Charter*, 592 F.3d at 805-07, and neither did *Ellison v. Autozone Inc.*,

4    486 F. App'x 674 (9th Cir. 2012) (unpublished), which applied *United Steel* and found that the

5    district court retained CAFA jurisdiction over the named plaintiff's one remaining individual

6    claim after she voluntarily dismissed her class claim.  In *Vega*, the Eleventh Circuit vacated the

7    district court's class certification order and remanded with specific instructions that the *named*

8    *plaintiff's* claims "proceed individually."  564 F.3d at 1280.  And *In re Burlington Northern Santa*

9    *Fe Railway Co.*, 606 F.3d 379, 380-81 (7th Cir. 2010) (per curiam), which held that district courts

10   retain jurisdiction under CAFA even where plaintiffs later amend their complaint to omit the class

11   allegations, also did not discuss jurisdiction over unnamed class members' claims.  Neither did

12   *Helm v. Alderwoods Group*, No. C 08-01184 SI, 2011 WL 2837411, at *2-3 (N.D. Cal. July 18,

13   2011), where dozens of named plaintiffs brought a putative class action; the court had subject

14   matter jurisdiction only under CAFA; the court denied class certification and severed the claims of

15   all named plaintiffs except the lead plaintiff, Helm; and the court denied the dismissal of the other

16   named plaintiffs' severed claims because it retained jurisdiction under CAFA "over the claims of

17   all of the individual named plaintiffs."  And the Second Circuit in *F5 Capital v. Pappas*, 856 F.3d

18   61, 76-77 & n.14 (2d Cir. 2017), held that denial of class certification does not divest district

19   courts of jurisdiction over the case, without addressing the claims of unnamed class members, but

20   noting that the court may *remand* or dismiss without prejudice remaining state law claims.  *See*

21   *also Calvillo v. Siouxland Urology Assocs. P.C.*, No. CIV. 09-4051-KES, 2011 WL 5155093, at

22   *5-6 (D.S.D. Oct. 28, 2011) (finding the district court retained jurisdiction under CAFA over non-

23   class claims of "the parties" after class certification was denied).

24        These cases—each cited by FAS—provide that a court does not lose jurisdiction over

25   existing named plaintiffs' individual claims under CAFA just because of subsequent events in the

26   litigation, save for a few exceptions not applicable here.  That makes sense given the "usual and

27   long-standing principle[]" that "post-filing developments do not defeat jurisdiction if jurisdiction

28   was properly invoked as of the time of filing."  *United Steel*, 602 F.3d at 1091-92; *see also*

1   *Freeport-McMoRan, Inc. v. K N Energy, Inc.*, 498 U.S. 426, 428 (1991) (per curiam) ("[The
2   Supreme Court] ha[s] consistently held that if jurisdiction exists at the time an action is
3   commenced, such jurisdiction may not be divested by subsequent events." (citations omitted));
4   *Vega*, 564 F.3d at 1268 n.12.  But there were no post-filing developments here because Carranza
5   never filed a case.  And none of these cases, or any others I could find, say that CAFA provides
6   federal subject matter jurisdiction over an unnamed putative class member's individual state law
7   claims; indeed, there is no rule that forces a plaintiff to litigate her individual state law claims in
8   federal court without otherwise meeting the requirements of 28 U.S.C. § 1332(a).

9        FAS also cites cases brought under CAFA's mass action clause, which is not and has never
10  been invoked in the *Bowerman* litigation.  *See* 28 U.S.C. § 1332(d)(11).  In *Visendi v. Bank of
11  America, N.A.*, 733 F.3d 863, 866-67 (9th Cir. 2013), the plaintiffs filed a "mass action" in state
12  court with over 100 plaintiffs suing 15 defendants for various reasons, and the defendants removed
13  to federal court under CAFA's mass action clause.  The Ninth Circuit held that the district court
14  had jurisdiction under CAFA's mass action clause but that plaintiffs were improperly joined in the
15  first amended complaint, and so remanded the case to the district court with instructions to sever
16  those plaintiffs' claims to pursue them individually, while retaining jurisdiction over the name
17  plaintiff's claims.  *Visendi*, 733 F.3d at 870-71; *see also Cooper v. R.J. Reynolds Tobacco Co.*,
18  586 F. Supp. 2d 1312, 1319-23 (M.D. Fla. 2008) (reaching similar jurisdictional conclusion in
19  CAFA mass action without discussing unnamed plaintiffs' claims).  These cases, too, show that
20  courts do not lose jurisdiction over the severed claims of individuals who filed underlying actions
21  in state court that were later removed under the CAFA mass action provision; but again, they do
22  not discuss jurisdiction over plaintiffs who had yet to file any claims, and so do not discuss the
23  legality or fairness of forcing plaintiffs to litigate individual state law claims with minimal
24  diversity in federal court.

25       FAS's theory is that CAFA jurisdiction attached at the time that Bowerman filed his
26  complaint and post-filing developments do not affect that jurisdiction.  *See* Removal at 3-4 & n.1;
27  Oppo. 2:26-3:20.  That is true for Bowerman, and as the Ninth Circuit has clarified, that is true for
28  the other named parties, regardless of whether the class was ultimately certified or the class claims

were voluntarily dismissed.  But the filing of Bowerman's complaint did not attach CAFA jurisdiction to *Carranza's* claims; had Carranza wanted to file his individual claims at that point, he could have done so, and he *only* could have done so in state court.[1]  FAS would not have been able to remove his state court case at that point because of the lack of federal question and complete diversity.  When Bowerman's class was certified, Carranza, as an "unnamed" class member, "acquired a legal status separate from the interest asserted by [the named plaintiff]," *Sosna v. Iowa*, 419 U.S. 393, 399 (1975); *United States v. Sanchez-Gomez*, 138 S. Ct. 1532, 1538 (2018) (same)—but there is no caselaw saying that legal status necessarily confers subject matter jurisdiction onto the federal court, including where class certification ultimately fails.  Indeed, had the class remained certified, as an unnamed class member Carranza would have been entitled to opt out and file his own individual case—in state court.  Nothing about the subsequent decertification of the class caused federal subject matter jurisdiction to attach to Carranza's state law claims and force him to litigate in federal court.  FAS points me to no case law that provides otherwise, nor could I find any.  This outcome makes sense: it would be unfair to find that laws about jurisdiction, *see* 28 U.S.C. §§ 1331, 1332, do not apply to an individual simply because a different individual filed other claims.

Therefore, FAS has not met its burden to establish that I have jurisdiction over Carranza's claims.[2]  *See Tanner*, 424 F. Supp. 3d at 670.  The motion to remand is GRANTED.

## II.    ATTORNEY FEES

Carranza seeks fees for litigating this removal motion under 28 U.S.C. § 1447(c).  "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal.  Conversely, when an objectively reasonable basis exists, fees should be denied."  *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005) (citations omitted).  It was objectively reasonable for the defendants to

---

[1] For example, in a pre-CAFA case the Ninth Circuit explained, "a class action, when filed, includes only the claims of the named plaintiff or plaintiffs."  *Gibson v. Chrysler Corp.*, 261 F.3d 927, 940 (9th Cir. 2001) (subsequent history omitted).

[2] The tolling order does not serve as an independent basis for jurisdiction.  *See* Oppo. 4:15-18.  Its effect on Carranza's claims can be assessed by the state court.

believe that CAFA provided jurisdiction over the unnamed class members' claims; though they were wrong on the law, it was not unreasonable for them to believe that some combination of cases supported their theory, particularly because there is apparently no binding appellate precedent addressing these specific procedural circumstances.  Accordingly, the request for fees is DENIED.

## CONCLUSION

For those reasons, the motion to remand is GRANTED.  I ORDER that this case be REMANDED to the California Superior Court for the County of San Francisco.

**IT IS SO ORDERED.**

Dated: August 11, 2023



William H. Orrick
United States District Judge

United States District Court
Northern District of California

8